Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2906 | **DATE** | 8/6/2002 |
| **CASE TITLE** | USA ex. rel. Otis Jordan vs. Warden Jonathon Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: All of Jordan's claims in the petition for writ of habeas corpus are either procedurally defaulted or non-cognizable under habeas review. As such, his petition is denied. Any pending motions are moot. The status hearing set for 8/15/02 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 07 2002 date docketed | 21 |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 8/6/2002 date mailed notice | |
| GL | courtroom deputy's initials | 02 AUG -6 PM 3:56 Date/time received in central Clerk's Office | GL mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>    OTIS JORDAN,<br><br>                Petitioner,<br>v.<br><br>WARDEN JONATHON WALLS,<br><br>                Respondent. | No. 02 C 2906 |

DOCKETED
AUG 7 2002

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Judge:

After a jury trial in December 1996, Otis Jordan was convicted of attempted first degree murder, aggravated vehicular hijacking, armed robbery, and aggravated discharge of a firearm. He was sentenced to 50 years imprisonment for attempted first degree murder and 45 years imprisonment for aggravated vehicular hijacking, with the terms to be served consecutively. Following the denial of his appeal and his Illinois post-conviction petition, Jordan now petitions this court for a writ of habeas corpus. His petition is denied.

## BACKGROUND

The facts presented at Jordan's trial showed that on December 3, 1994, Otis Jordan and his brother Eddie Gill approached two men at a car wash on Chicago's Northwest side. After threatening the men with a gun, Jordan and his brother hijacked their car, a Nissan Pathfinder, and drove away. The police were called and, after fortuitously spotting the hijacked car, gave chase. After the Pathfinder reached an ally some distance away, the two occupants exited the car and began running in different directions. The occupants were later identified by the police officers on the scene as Jordan and his

1



brother. The two police officers split up and gave chase. Jordan was shot several times in a resulting firefight between him and the officers. After being shot, he was placed under arrest and quickly transferred to a hospital. After receiving treatment for his wounds, Jordan was placed in the intensive care unit of Illinois Masonic Hospital. The next evening, he was interviewed by an Assistant State's Attorney. During this interview Jordan admitted to the robbery, carjacking, and subsequent car and foot chase with the police. These facts are laid out in much finer detail in Jordan's brief on direct appeal. *See* Resp. Ex. A.

Jordan represented himself at the subsequent criminal trial in the Circuit Court of Cook County. He was convicted on all counts by the jury and later sentenced to 45 and 50 year consecutive terms for the aggravated vehicular hijacking and attempted first degree murder, respectively. On his direct appeal to the Illinois Appellate Court, Jordan raised three issues: (1) his admission was coerced; (2) the trial court did not properly inform him of his rights prior to his waiving his right to counsel; and (3) the trial court erred by denying his requests for standby counsel. On February 19, 1999, the Illinois Appellate Court affirmed his conviction, with the Illinois Supreme Court later denying his *pro se* petition for leave to appeal. *See* Resp. Ex. B, *People v. Jordan*, 1-97-0820; Resp. Ex. D, *People v. Jordan*, No. 87178.

On June 30, 1999, Jordan filed a *pro se* post-conviction petition raising twenty-nine issues that can be distilled adequately (for our purposes) into four broad issue categories: (1) ineffective assistance of counsel; (2) reversible error in the trial court proceedings; (3) lack of voluntary consent as to his waiver of right to counsel; and (4) the admission of allegedly perjured testimony of police officers. *See* Resp. Ex. E. His post-conviction petition was denied as frivolous and patently without merit by the Circuit Court on August 31, 1999. *See* Resp. Ex. F, *People v. Jordan*, No. 94 CR 29537-01. Jordan thereafter filed an amended post-conviction rehearing petition on October 31, 1999. *See* Resp. Ex. G. This amended petition was summarily denied by the Circuit Court on December 3, 1999 because the

Illinois Post-Conviction Hearing Act contemplates the filing of only one post-conviction petition and the court found no good cause to allow a successive petition. *See* Resp. Ex. H, *Jordan v. People*, No. 94 CR 29537-01. Jordan appealed the denial of his post-conviction petition on January 16, 2001. The appellate court, however, affirmed the lower court's decision as to all issues raised. *See* Resp. Ex. J, *People v. Jordan*, No. 1-00-0301. The Illinois Supreme Court thereafter denied Jordan's petition for leave to appeal on April 3, 2002. *See* Resp. Ex. L, *People v. Jordan*, No. 92948.

Finally, on January 8, 2002, Jordan filed a self-styled petition for relief from judgment, which the trial court treated as a third *pro se* post-conviction petition. Because the petition dealt with the United States Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the trial court determined that Jordan had good cause for failing to raise the issue in his previous petitions. Nonetheless, the court denied his petition on March 9, 2001. *See* Resp. Ex. N, *Jordan v. People*, 94 CR 29537-01. Jordan did not appeal this decision.

On April 22, 2002, Jordan filed the instant habeas corpus petition. Jordan's petition raises the following issues: (1) the police gave false testimony at his trial; (2) he was not given a psychiatric evaluation before being allowed to proceed *pro se* in his own defense, despite the fact that he was at that time taking pain medication known to cause mental impairment; (3) the trial court erred in sentencing him to extended and consecutive terms; (4) he was inappropriately denied stand-by counsel while he proceeded *pro se* in his own defense; (5) ineffective assistance of counsel at the sentencing hearing and in his direct appeal; (6) lack of proper in-court identification of Jordan as the perpetrator; and (7) insufficient evidence to support a conviction. As described below, we deny Jordan's petition for writ of habeas corpus.

## ANALYSIS

Section 2254, as amended, empowers a district court to entertain a petition for a writ of habeas corpus from a person in custody pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Habeas relief may be granted only if the adjudication of the claim by the state court "resulted in a decision that was contrary to, or involved the unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The "contrary to" standard, as clarified by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), applies if the "state court arrives at a conclusion opposite to that reached by this Court on a question of law" or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id.* at 405. The "unreasonable application" standard has been clarified to include when the state court "identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 1520.

Procedural Default

Before we can consider a state prisoner's habeas claims, the petitioner must demonstrate that he has exhausted all available state remedies and that he has not procedurally defaulted his claims in state court. *See Moleterno v. Nelson*, 114 F.3d 629, 633-34 (7th Cir. 1997). To avoid procedural default, a state prisoner must fully and fairly present his claims in state court. *See Wilkinson v. Cowan*, 231 F.3d 347, 350 (7th Cir. 2000), *cert. denied*, 533 U.S. 928 (2001). Procedural default occurs when a petitioner failed to raise his claim with a state court or if the state court declined to address the merits of his claim due to his non-compliance with a state law requirement. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Generally, when a state prisoner has defaulted his federal constitutional claims in state court on a state law ground that is independent and adequate to support the judgment, comity

4

dictates that federal courts are bound by that holding. *See White v. Peters*, 990 F.2d 338, 340 (7th Cir. 1993). However, "if the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available." *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Jefferson v. Welborn*, 222 F.3d 286, 288 (7th Cir. 2000).

Procedural default may be excused if the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To show that a miscarriage of justice will occur if a procedural default is not excused requires proof that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986).

Five of Jordan's seven claims are procedurally defaulted. Jordan's first claim is that the police gave false testimony at his trial. Jordan asserts that the two police officer witnesses gave conflicting stories about the precise details of their shoot-out with him. It follows, he argues, that one or both of the officers must have committed perjury. This claim was not raised on direct appeal and was raised for the first time on Jordan's petition for post-conviction relief. *See* Resp. Ex. E. The trial court dismissed the claims as clearly not rising to constitutional proportions and as being frivolous and patently without merit. *See* Resp. Ex. F, p. A-7. Significantly, Jordan did not appeal that aspect of the denial of his post-conviction petition. *See* Resp. Ex. I. Jordan's failure to appeal that aspect of the trial court's dismissal constitutes procedural default. "Illinois treats a failure to appeal [the dismissal of a post-conviction petition] as a procedural default barring further review." *Jenkins v. Gramley*, 8 F.3d 505, 507 (7th Cir. 1993). Jordan did not appeal this aspect of the dismissal of the post-conviction petition and it is therefore procedurally defaulted. Moreover, Jordan has made no showing of cause and prejudice or fundamental miscarriage of justice that would excuse the default.

We observe, however, that this first claim would be non-cognizable under collateral review even if it were not procedurally defaulted. Federal habeas relief under 28 U.S.C. § 2254 is only available when a prisoner is in custody in violation of the Constitution or law or treaties of the United States. 28 U.S.C. § 2254(a). Jordan's claim that his conviction is based partly on allegedly perjured testimony simply does not rise to the level of a constitutional violation. Under the law of this circuit, "the introduction of perjured testimony, without more, does not rise to the level of a constitutional violation warranting federal habeas relief." *Shore v. Warden, Stateville Prison*, 942 F.2d 1117, 1122 (7th Cir. 1991), *cert. denied*, 504 U.S. 922 (1992). Rather, a denial of due process only arises upon a showing that the prosecuting authorities knowingly and intentionally used such testimony. *Id.* Jordan has not argued, nor does the record support, that the prosecution acted with such knowledge and intent.

Jordan's third claim (that the trial court erred in sentencing him to extended and consecutive terms) was deemed procedurally defaulted by the Illinois Appellate Court because it was not raised on a motion to reconsider, on direct appeal, or in his post-conviction petition. Resp. Ex. J, *People v. Jordan*, NO. 1-00-0103, p. 4. In fact, the sentencing claim was raised for the first time in Jordan's brief on his post-conviction appeal. The Illinois Appellate Court's refusal to reach the merits of this claim constitutes an adequate and independent state procedural ground preventing us from reaching the merits absent a showing of cause and prejudice or fundamental miscarriage of justice (which Jordan has not here made). *Coleman*, 501 U.S. at 729-730. As such, Jordan's third claim is procedurally defaulted.[1]

Jordan's fifth claim (that he received ineffective assistance of counsel at sentencing and on direct appeal) was deemed procedurally defaulted by the Illinois Appellate Court because it was not raised on

---

[1] Even if Jordan's sentencing claim was not procedurally defaulted, it is a non-cognizable claim on habeas review. State sentencing claims do not implicate federal constitutional concerns, and are non-cognizable when the sentence falls within the statutory limit. *See Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994).

direct appeal, a motion to reconsider, or his post-conviction petition. Resp. Ex. J, *People v. Jordan*, No. 1-00-0103, p. 3-4. The Illinois Appellate Court's refusal to reach the merits of this claim constitutes an adequate and independent state procedural ground preventing us from reaching the merits absent a showing of cause and prejudice or fundamental miscarriage of justice (which Jordan has not here made). *Coleman*, 501 U.S. at 729-730. As such, Jordan's fifth claim is procedurally defaulted.

Jordan's sixth and seventh claims (that he was not properly identified in court as the person who committed the crimes and that the evidence clearly showed that he did not commit the crimes) were never presented to the state courts in either the direct appeal or the post-conviction petition. Claims that are raised for the first time at the federal level are simply not reviewable by a federal court absent a showing of cause and prejudice or fundamental miscarriage of justice (which Jordan has not here made). *See, e.g., Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). As the Illinois courts have not been afforded a fair opportunity to hear these claims, they are procedurally defaulted.

Non-Cognizable Claims

In evaluating a habeas corpus petition, we are "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). It therefore follows that claims that a state court erred in applying its own laws are not cognizable on habeas corpus review. *Jones v. Thieret*, 846 F.2d 457, 459-461 (7th Cir. 1988). Both of Jordan's remaining claims are non-cognizable for federal habeas review: that he was inappropriately permitted to proceed *pro se* without a psychiatric evaluation of his mental fitness (Jordan's second claim) and that he was inappropriately denied stand-by counsel while he proceeded *pro se* (Jordan's fourth claim).

Jordan's second claim is that he was inappropriately permitted to proceed *pro se* without a psychiatric evaluation of his mental fitness. This claim is really an argument that the state court did not

7

properly apply a state statute concerning fitness examinations and medication. As noted above, however, claims that a state court erred in applying its own laws are not cognizable on habeas corpus review. *Jones*, 846 F.2d at 459-461. *See also Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). As such, Jordan's claim that he was inappropriately permitted to proceed *pro se* is non-cognizable.

As to Jordan's denial of standby counsel, he has provided no authority to suggest that a *pro se* defendant has a constitutional right to standby counsel. Indeed, once a defendant makes a knowing and voluntary waiver of his right to counsel, a court *may* appoint stand-by counsel to assist in his defense should it be necessary at some point to terminate the defendant's self-representation. *See, e.g., Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). However, although the appointment of standby counsel for a *pro se* defendant is arguably the prudent course for a trial court, there is neither statute nor precedent to suggest that a court *must* appoint standby counsel or that the denial of such counsel implicates a federal constitutional right. As such, Jordan's claim regarding the denial of standby counsel is non-cognizable.

## CONCLUSION

All of Jordan's claims in the petition for writ of habeas corpus are either procedurally defaulted or non-cognizable under habeas review. As such, his petition is denied.

MARVIN E. ASPEN
United States District Judge

Dated: 8/6/02