# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2906 | **DATE** | 10/30/2002 |
| **CASE TITLE** | USA ex. rel. Otis Jordan vs. Warden Jonathon Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Jordan's motion for a certificate of appealability (24-1) is denied. Jordan's motion for appointment of counsel (19-1 & 23-1) is also denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 1 2002 | 25 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/30/2002 | |
| GL courtroom deputy's initials | | | date mailed notice | |
| | | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. OTIS JORDAN, ) ) ) Petitioner, ) ) v. ) ) WARDEN JONATHON WALLS, ) ) Respondent. ) | Case No. 02 C 2906 |

NOV - 1 2002

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

After a jury trial in December 1996, Petitioner Otis Jordan was convicted of attempted first degree murder, aggravated vehicular hijacking, armed robbery, and aggravated discharge of a firearm. He was sentenced to 50 years imprisonment for attempted first degree murder and 45 years imprisonment for aggravated vehicular hijacking, with terms to be served consecutively. Following the denial of his appeal and his Illinois post-conviction petition, Jordan petitioned this Court for a writ of habeas corpus, which we dismissed on August 7, 2002. Presently before us is Jordan's motion for a certificate of appealability ("COA") and his motion for appointment of counsel. For the reasons stated below, we deny both motions.

## I.   CERTIFICATE OF APPEALABILITY

### A.   Standard of Review

A COA is required to take an appeal to the Court of Appeals from a final order in a habeas proceeding. *See* 28 U.S.C. §2253(c). A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* The Supreme Court, in *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), elucidated two methods by which a district court is to evaluate



a request for a COA. First, when the district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Alternatively, when the district court denies a petitioner's claims "on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Pursuant to the guiding principle laid out in *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring), the Court encouraged district courts to resolve procedural issues first, if their resolution would avoid the need to pass upon the constitutional questions. *See Slack*, 529 U.S. at 485.

**B.     Analysis[1]**

Jordan seeks a COA as to the following seven claims: (1) the police gave false testimony at his trial; (2) a psychiatric evaluation should have been conducted before allowing him to proceed *pro se* in his own defense; (3) the trial court erred in sentencing him to extended and consecutive terms; (4) he was inappropriately denied stand-by counsel while proceeding *pro se* in his own defense; (5) he suffered from ineffective assistance of counsel at the sentencing hearing and in his direct appeal; (6) there was insufficient proper in-court identification of Jordan as the perpetrator; and (7) there was insufficient evidence to support a conviction.

**(1) *False Testimony***

In our Order of August 7, 2002, we found Jordan's first claim – that the police gave false

---

[1] The discussion relies upon and contains references to our decision in *United States ex rel. Jordan v. Walls*, 2002 WL 1821743 (N.D. Ill.), denying Jordan's writ for habeas corpus. The decision is hereafter referred to as the "Order."

2

testimony at his trial – to be procedurally defaulted. Jordan failed to raise this claim on direct appeal, raising it for the first time on his petition for post-conviction relief. The trial court dismissed the claim as clearly not rising to constitutional proportions and as being frivolous and patently without merit. Significantly, Jordan did not appeal the trial court's dismissal of the claim. Moreover, Jordan made no showing of cause and prejudice or fundamental miscarriage of justice that would excuse the default. Jordan has made no argument in his present motion that places the correctness of our ruling in doubt. Indeed, we believe that jurists of reason would not debate whether we were correct in our procedural ruling.

Furthermore, as we explained in our Order, Jordan's claim would be non-cognizable under collateral review even if it were not procedurally defaulted. Federal habeas relief under 28 U.S.C. §2254 is only available when a prisoner is in custody in violation of the Constitution or law or treaties of the United States. *See* 28 U.S.C. §2254(a). Jordan's claim that his conviction is based partly on allegedly perjured testimony simply does not rise to the level of a constitutional violation. *See Shore v. Warden, Stateville Prison*, 942 F.2d 1117, 1122 (7th Cir. 1991), *cert. denied*, 504 U.S. 922 (1992). Indeed, a denial of due process only arises upon a showing that the prosecuting authorities knowingly and intentionally used such testimony. *See id.* Jordan has not argued, nor does the record support, that the prosecution acted with such knowledge and intent. Consequently, we conclude that reasonable jurists would not disagree with our finding that his claim did not allege a denial of a constitutional right. We therefore deny Jordan's request for a COA as to his first claim.

### (2) *Necessity of Psychiatric Evaluation*

Jordan's second claim is that he was inappropriately permitted to proceed *pro se* without a psychiatric evaluation of his mental fitness. This claim is really an argument that the state court did not properly apply a state statute concerning fitness examinations and medication. In our Order, we

explained that a claim that a state court erred in applying its own laws is not cognizable on habeas corpus review. *See Jones v. Thieret*, 846 F.2d 457, 459-61 (7th Cir. 1988). As a result, we found Jordan's claim to be non-cognizable, a conclusion that Jordan has not rebutted. We believe reasonable jurists would not disagree with our conclusion that Jordan did not raise a valid claim of the denial of a constitutional right. Hence, Jordan's request for a COA on his second claim is denied.

### (3) *Extended and Consecutive Sentences*

We likewise deny Jordan a COA as to his third claim – that the trial court erred in sentencing him to extended and consecutive sentences. As we pointed out in our Order, the Illinois Appellate Court deemed this claim to be procedurally defaulted because it was not raised on a motion to reconsider, on direct appeal, or in Jordan's post-conviction petition. Instead, Jordan raised the claim for the first time in his brief on his post-conviction appeal. We found that the Illinois Appellate Court's refusal to reach the merits of the claim constituted an adequate and independent state procedural ground preventing us from reaching the merits of the case, particularly in light of Jordan's failure to make a showing of cause and prejudice or fundamental miscarriage of justice that would excuse the default. We do not believe that reasonable jurists would find our procedural ruling on this matter to be debatable. Yet even if Jordan's claim was not procedurally defaulted, it is non-cognizable on habeas review because the sentences fell within the statutory limit. *See Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994). We believe reasonable jurists would not disagree with our finding that his claim did not set forth a violation of his constitutional rights. Thus, Jordan's request for a COA on this claim is denied.

### (4) *Denial of Standby Counsel*

Jordan's fourth claim was that he was wrongfully denied standby counsel. However, as we explained in our Order, although the appointment of standby counsel for a *pro se* defendant is arguably the prudent course for a trial court, there is neither statute nor precedent to suggest that a court *must*

4

appoint standby counsel or that the denial of such counsel implicates a federal constitutional right. *See, e.g., Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). We determined that Jordan's claim was therefore non-cognizable. Accordingly, we believe that reasonable jurists would not find it debatable whether Jordan stated a valid claim of the denial of a constitutional right. Jordan's request for a COA on this claim is denied.

### (5) *Ineffective Assistance of Counsel*

In our Order, we deemed Jordan's fifth claim – that he received ineffective assistance of counsel at sentencing and direct appeal – to be procedurally defaulted. The Illinois Appellate Court refused to reach the merits of Jordan's claim because it was not raised on direct appeal, a motion to reconsider, or his post-conviction petition. The decision by the Illinois Appellate Court constituted an adequate and independent state procedural ground that prevented this Court from reaching the merits absent a showing of cause and prejudice or fundamental miscarriage of justice. Jordan has offered no argument to rebut our ruling or cast it into doubt. Our ruling on the effective assistance of counsel claim is, we believe, not debatable among jurists of reason. As such, Jordan's request for a COA on this claim is denied.

### (6) *In-Court Identification & Sufficiency of the Evidence*

Jordan raised his sixth and seventh claims – that he was not properly identified in court as the person who committed the crimes and that the evidence was insufficient to support his conviction – for the first time at the federal level. As we explained in our Order, claims that are raised for the first time at the federal level are not reviewable by a federal court absent a showing of cause and prejudice or fundamental miscarriage of justice (which Jordan did not make). *See, e.g., Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). Our ruling is no more in doubt today than it was when we issued the Order. Therefore, Jordan's request for a COA on these issues is denied.

## II. APPOINTMENT OF COUNSEL

A civil litigant has no constitutional or statutory right to appointed counsel in federal court. *See Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995); *see also Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). This remains true even if the litigant is collaterally challenging a criminal conviction in a habeas proceeding. *See Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996). However, pursuant to 28 U.S.C. 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel."[2] As a threshold matter, the litigant must demonstrate that he has made a reasonable attempt to obtain counsel, or that circumstances prevent him from making such an effort. *See Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). In exercising its discretion, the district court should ask itself "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Zarnes*, 64 F.3d at 288 (*quoting Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

This Court finds that Jordan's claims are not so complex to necessitate the appointment of counsel. The issues presented in Jordan's habeas petition do not appear to require particularly complex or detailed legal research. Moreover, the pleadings Jordan has filed thus far have been competently written to an extent that suggests he is capable of presenting his own case. Where, as here, a litigant is proceeding *pro se*, we have a special responsibility to construe his pleadings liberally. *See Donald v. Cook County Sherrif's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Indeed, it is the "well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given fair and meaningful consideration." *Palmer v. City of Decatur*, 814 F.2d 426, 428-29 (7th Cir. 1987) (citations omitted). We have consistently evaluated Jordan's pleadings with this duty in mind. Petitioner's motion for appointment of counsel is denied without prejudice.

---

[2]Public Law 104-134, §101 redesignated former subsection (d), to which Jordan referred in his motion, as (e).

## III. CONCLUSION

For the foregoing reasons, Jordan's motion for a certificate of appealability is denied. Jordan may now request a certificate of appealability from the Court of Appeals pursuant to F.R.A.P. 22(b). We also deny Jordan's motion for appointment of counsel. It is so ordered.

_____
MARVIN E. ASPEN
United States District Judge

Dated  10/30/02